J-A10025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THOMAS WALTER LETTEER, JR. | |
| Appellant | No. 1551 MDA 2014 |

Appeal from the Judgment of Sentence May 1, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001415-2013

BEFORE:  GANTMAN, P.J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 15, 2015**

Appellant, Thomas Walter Letteer, Jr., appeals from the May 1, 2014 judgment of sentence of two to five years' imprisonment, imposed after he entered an open guilty plea to one count of accidents involving death or personal injury.[1]  After careful review, we affirm.

The trial court summarized the relevant factual history of this case as follows.

> On December 21, 2012, at approximately 10:56 p.m., five year old [K.M.] was leaving a Christmas party with his parents and siblings.  [K.M.], while holding his father's hand, was in the process of crossing West North Street in the City of Wilkes-Barre (city), Luzerne County.  At this point a vehicle struck the young boy who tragically succumbed to multiple traumatic injuries at approximately 11:28

---

[1] 75 Pa.C.S.A. § 3742(a).

p.m. in the Geisinger Wyoming Valley Hospital. The driver of the vehicle fled the scene.

The Wilkes-Barre Police Department (WBPD) conducted an initial investigation and they were unable to physically locate the vehicle on the date in question. In due course, the WBPD obtained camera images from the King's College camera system and the city Hawkeye camera system, each entity having video surveillance facilities located in the area surrounding the accident scene. The images depicted a red Pontiac Grand Am with a sun roof [sic]. The vehicle information was released to the public by the WBPD in an effort to secure assistance in identifying the vehicle and driver.

During the course of the investigation, [Appellant] came into contact with the WBPD, because his father was the registered owner of a car matching the general description of the vehicle. When the WBPD arrived at the registered owner's place of residence in a neighboring community, [Appellant] opted to speak with investigating officers and thereafter provided misleading information. While [Appellant] did acknowledge operating his father's 1999 red four-door Pontiac Grand Am on the evening in question, he denied traveling into Wilkes-Barre. More specifically, [Appellant] represented he *never* travels into Wilkes-Barre. By way of history, [Appellant] told police he was at a party in West Wyoming on the evening in question and thereafter drove to a female friend's home in Pittston Township. The police acquired additional information from [Appellant], to include the cell phone number of [Appellant] and his female friend.

The WBPD investigated various other leads, but ultimately the mounting evidence directed their attention to [Appellant] who became the principle [sic] focus, notwithstanding his untrue statements. As a result, WBPD obtained a search warrant and pursuant thereto seized the vehicle registered to [Appellant]'s father.

The WBPD also interviewed the social host of the party [Appellant] attended. This individual informed them that when the attendees left the West Wyoming address they were going to congregate at Rodano's, a bar and restaurant located on Public Square in Wilkes-Barre. The location of the accident is within a few city blocks of Rodano's and presents a logical route when traveling from West Wyoming to the Rodano location.

In addition, the WBPD secured a warrant for cellular telephone records which demonstrated [Appellant] used his cell phone to call his female friend on December 21, 2012, and that the calls were received by cell towers on the King's College Campus and Public Square between the hours of 10:55 p.m and 10:57 p.m.

Forensic analysis was obtained pursuant to a search warrant and thereafter reduced to a report dated March 21, 2013, wherein the expert opined it was indeed [Appellant]'s father's vehicle that struck the child. The opinion was further corroborated by the Pennsylvania State Police who opined the damage on the top passenger side hood of the subject vehicle is consistent with the height of the victim and was caused when the victim made contact with the vehicle.

Trial Court Opinion, 9/16/14, at 1-3 (footnotes omitted).

On July 3, 2013, the Commonwealth filed an information, charging Appellant with one count of accidents involving death or personal injury, graded as a second-degree felony. Appellant entered an open guilty plea to said charge on March 10, 2014. The trial court imposed a sentence of two to five years' imprisonment on May 1, 2014. On May 12, 2014, Appellant filed

a timely motion to extend the time upon which to file his post-sentence motion.[2] That same day, the trial court granted Appellant's motion, extending the deadline to June 2, 2014.[3] Appellant filed his timely post-sentence motion on June 2, 2014. On June 10, 2014, the trial court entered an order denying Appellant's post-sentence motion without a hearing. On June 20, 2014, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises one issue for our review.

> I. Whether the trial court abused its discretion in sentencing [] Appellant[?]

Appellant's Brief at 1.

At the outset, we note that Appellant's sole argument on appeal pertains to the discretionary aspects of his sentence.[5] It is axiomatic that in

_____

[2] Pennsylvania Rule of Criminal Procedure 720 requires a post-sentence motion to be filed within 10 days of the date on which the sentence was imposed in open court. Pa.R.Crim.P. 720(A). However, the 10th day was Sunday, May 11, 2014. When computing the 10-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the due date for Appellant's post-sentence motion was Monday, May 12, 2014, and Appellant's request for an extension was timely.

[3] Curiously, the trial court's order gives the new deadline as June 1, 2014, which was a Sunday. **See generally** 1 Pa.C.S.A. § 1908.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] Generally, our cases state that "by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea."
*(Footnote Continued Next Page)*

this Commonwealth, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted), *appeal denied*, 104 A.3d 1 (Pa. 2014). "[A]n [a]ppeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary aspects of sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted. *Commonwealth v. Trinidad*, 96 A.3d 1031, 1039 (Pa. Super. 2014) (citation omitted), *appeal denied*, 99 A.3d 925 (Pa. 2014). Specifically, we must determine the following.

*(Footnote Continued)* ───────────

*Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). However, our cases also hold that the entry of an open guilty plea does not waive the discretionary aspects of the sentence "because there was no agreement as to the sentence Appellant would receive." *Commonwealth v. Hill*, 66 A.3d 365, 367 (Pa. Super. 2013) (citation omitted).

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Id.*

In the case *sub judice*, we note that Appellant filed a timely post-sentence motion and notice of appeal. We further observe that Appellant has included a Rule 2119(f) statement in his brief. In this case, Appellant avers that the trial court abused its discretion in sentencing him in the aggravated range when it "rel[ied] on testimony … that [] Appellant consumed alcoholic beverages on the day of the incident[.]" Appellant's Brief at 3. Appellant also argues that the trial court erred by considering his "lack of remorse and by considering his pre-arrest conduct in configuring a sentence." *Id.* Finally, Appellant argues that the sentence imposed by the trial court was "vindictive."[6] *Id.*

To the extent Appellant argues that the trial court's sentence was vindictive, we note Appellant did not raise this argument in his post-

---

[6] To the extent Appellant argues for the first time in the argument section in his brief that the trial court wrongfully considered the publicity surrounding his case, we note that argument was not raised in his Rule 1925(b) statement or post-sentence motion, and is therefore waived on appeal. *See Hill*, *supra*; Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a).

sentence motion, or in his Rule 1925(b) statement. As a result, we deem this argument waived. **See generally Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (stating, "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived[]"); **accord** Pa.R.A.P. 1925(b)(4)(vii); Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal[]"). As to the balance of Appellant's arguments on appeal, we proceed to determine whether they raise substantial questions for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012).

As noted above, Appellant's remaining arguments on appeal are that the trial court improperly considered Appellant's pre-trial statements, his

remorse, and his drinking alcohol on the date of the offense.[7]  The Commonwealth counters that the trial court properly considered all relevant factors when it decided to sentence Appellant in the aggravated range. Commonwealth's Brief at 8-11.  This Court has held that an argument alleging the trial court considered an improper factor raises a substantial question for our review.  *Commonwealth v. Dowling*, 990 A.2d 788, 792 (Pa. Super. 2010).  As a result, we grant Appellant's petition for permission to appeal the discretionary aspects of his sentence, and we proceed to address the merits of these claims.

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

This Court has previously explained the trial court's task in sentencing in the following terms.

---

[7] Appellant does not couch these arguments in terms of being sentenced in the aggravated range.

- 8 -

The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the "best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference." *Commonwealth v. Andrews*, 720 A.2d 764, 768 (Pa. Super. 1998) (quoting *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super. 1997)). In order to find that a trial court imposed an "unreasonable" sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was "not guided by sound judgment." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

The sentencing code offers general guidelines with respect to the imposition of a particular sentence. Reasonableness of the sentence imposed by the trial court is based on:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). The sentencing code guidelines also require the sentence to be "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." [*Commonwealth v.*] *Ahmad*, 961 A.2d [884,] 888 [(Pa. Super. 2008)] (citing 42 Pa.C.S.A. § 9721(b)).

*Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (parallel

citation omitted), *appeal denied*, 63 A.3d 776 (Pa. 2013).

In announcing the reasons for its sentence, the trial court stated the

following on the record.

> I have reviewed the [pre-sentence investigation report (PSI)] and all the information contained in there having to do with [Appellant's] background and so forth. There's also been some supplemental testimony. I've considered the letters that were submitted on [Appellant's] behalf.
>
> I'm troubled by what I perceive to be a lack of remorse. And I'm only speaking of the time period from the guilty plea forward. I read [Appellant's] statement that's outlined in the [PSI]; and when I read it , when I received the PSI a couple weeks ago, I was struck by the lack of any remorse because it seemed to be inconsistent with some of the letters I got from those who submitted them on [Appellant's] behalf. And it relates to [Appellant's], to my assessment, of [his] character, and [Appellant's] chances of being rehabilitated.
>
> I'm troubled by [Appellant's] conduct during the investigation of this case when [Appellant was] questioned by law enforcement. [Appellant] had the right to say nothing … [He] could have told the truth; but instead, [Appellant was] deceitful and untruthful, and I'm troubled by that. Again, it goes to my assessment of [Appellant's] character.
>
> I'm also concerned by the fact that in the [PSI], [Appellant] indicated that [he] had no history of drug usage and [he] presently [was not] using drugs or alcohol.
>
> I placed [Appellant] under supervision of Pretrial Services and [he was] testing positive for marijuana; [he was] diluting [his] samples; and [he] admitted to diluting [his] samples and using

marijuana.  It was a violation of my [c]ourt [o]rder, a violation of the law and maybe most importantly of all, it impugns [Appellant's] veracity and [his] truthfulness with respect to the statements you made in the PSI.

I do believe that all those reasons just outlined support an aggravated range sentence.  I also believe that the young age of the victim in this case and the impact of the offense on the victim, the victim's family and the community is another reason for allowing for an aggravated range sentence.  I think the impact has been atypical in this case.

N.T., 5/1/14, at 74-76.

We first address Appellant's argument concerning the trial court's consideration of his misleading statements to the police.  In this case, the trial court concluded that Appellant's conduct during the police's investigation in this case, including statements that were "deceitful and untruthful" went to its assessment of Appellant's character.  *Id.* at 75.  Our Supreme Court has held that a failure to cooperate with authorities is generally indicative of a defendant's character and his or her potential for rehabilitation.  ***Commonwealth v. Bagley***, 780 A.2d 605, 644 (Pa. 2001) (citations omitted).  The only legal authority Appellant cites in support of his argument is ***Commonwealth v. Scott***, 860 A.2d 1029 (Pa. Super. 2004), *appeal denied*, 889 A.2d 1215 (Pa. 2005), in which this Court held that the trial court could not consider a defendant's failure to cooperate with the Commonwealth **in an unrelated case** in fashioning a sentence.  *Id.* at 1031.  Here, the trial court found that Appellant's misleading information to

the police during its investigation **of the instant case** went to Appellant's character in fashioning the instant sentence. Trial Court Opinion, 9/16/14, at 7. As a result, **Scott** affords Appellant no relief.

As to Appellant's lack of remorse, Appellant concedes that this is a legitimate sentencing factor. Appellant's Brief at 9; **see also Commonwealth v. Bowen**, 975 A.2d 1120, 1124 (Pa. Super. 2009) (stating, "lack of remorse is a permissible factor at sentencing[]"). Appellant's argument appears to focus more on his amount of remorse, or the trial court's failure to believe Appellant was remorseful. **See generally** Appellant's Brief at 9. The trial court was not required to accept Appellant's proffered remorse as genuine. **See Commonwealth v. Matroni**, 923 A.2d 444, 455 (Pa. Super. 2007) (stating, "it is clearly within the trial court's sound discretion to assess a defendant's remorse, or lack thereof[]") (citations omitted), *appeal denied*, 952 A.2d 675 (Pa. 2008). Therefore, this argument also does not warrant relief on appeal.

Finally, as to Appellant's argument that the trial court improperly considered Appellant's consumption of alcohol on the day of the incident, the trial court unequivocally stated in its Rule 1925(a) opinion that it did not consider such a factor in fashioning its sentence. Trial Court Opinion, 9/16/14, at 6 n.12. Our review of the sentencing transcript confirms the trial court's assertion, as the trial court did not include this in its reasons for sentencing Appellant in the aggravated range in this case. **See generally**

N.T., 5/1/14 at 74-76. Based on these considerations, we conclude the trial court did not abuse its discretion in sentencing Appellant in the aggravated range. *See Raven*, *supra*.

Based on the foregoing, we conclude Appellant's arguments on appeal are either waived or devoid of merit. Accordingly, the trial court's May 1, 2014 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015