J-S22020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW RYAN BRYANT | : | |
| | : | |
| Appellant | : | No. 1351 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 15, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001501-2018

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 21, 2020**

Matthew Ryan Bryant (Appellant) appeals from the judgment of sentence imposed after he pled guilty to two counts of rape of a child.[1]  We affirm.

During an interview with the Scranton Police Department Special Victims Unit on July 20, 2018, Appellant admitted to engaging in sexual intercourse with two minors who were both less than 13 years of age.  ***See*** Trial Court Opinion, 11/20/19, at 4.  On October 31, 2018, Appellant pled guilty to two counts of rape of a child.  The trial court deferred sentencing for the preparation of a pre-sentence investigation (PSI) report.  On May 17, 2019, the trial court sentenced Appellant to an aggregate 24 to 60 years of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3121(c).

incarceration and designated Appellant a sexually violent predator (SVP) under the Pennsylvania Sexual Offenders Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41. *See* N.T., 5/17/19, at 34.

On May 22, 2019, the Commonwealth filed a post-sentence motion to modify Appellant's sentence to include a restitution component for the Victims Compensation Assistance Program. Although still represented by counsel, on June 3, 2019, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, challenging the discretionary aspects of his sentence and seeking to vacate his SVP designation. On June 7, 2019, Appellant filed a counseled motion for reconsideration of sentence, raising identical claims to those raised in his *pro se* PCRA petition. The trial court dismissed Appellant's *pro se* PCRA petition as premature on June 14, 2019.

On July 15, 2019, the trial court issued an order disposing of both parties' post-sentence motions and modifying its May 17, 2019 sentencing order. In its order, the court granted the Commonwealth's request for restitution, vacated Appellant's SVP designation, but denied Appellant's motion for reconsideration of sentence on all other grounds. This timely appeal followed.[2] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

[2] Because the Commonwealth filed a timely motion to modify sentence, Appellant had 30 days from the trial court's July 15, 2019 order to file his

Appellant presents a single issue for our review:

WHETHER THE COURT ERRED AND/OR ABUSED ITS DISCRETION IN SENTENCING [APPELLANT] TO 24 TO 60 YEARS INCARCERATION WHEN THE COURT CONSIDERED IRRELEVANT AND IMPERMISSIBLE EVIDENCE, THE COURT ONLY CONSIDERED THE SERIOUSNESS OF THE OFFENSE WHILE FAILING TO CONSIDER THE CHARACTER OF [APPELLANT], AND THE SENTENCE WAS MANIFESTLY EXCESSIVE?

Appellant's Brief at 3.

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a

_____

appeal. *See* Pa.R.Crim.P. 720(A)(4) ("If the Commonwealth files a timely motion to modify sentence pursuant to Rule 721, the defendant's notice of appeal shall be filed within 30 days of the entry of the order disposing of the Commonwealth's motion."). Therefore, Appellant's appeal filed August 9, 2019 is timely.

plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claim in a post-sentence motion,[3] filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 10-11. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that the trial court imposed an excessive sentence and considered an impermissible factor in doing so. Appellant's Brief at 10. Appellant's claim raises a substantial question. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("[A] claim that a sentence is excessive because the trial court relied on an impermissible factor raises a

_____

[3] Appellant's motion for reconsideration of sentence was filed more than 10 days after the imposition of his sentence. ***See*** Pa.R.Crim.P. 720(A)(1) (requiring post-sentence motions be filed within 10 days after the imposition of sentence). However, the trial court expressly granted Appellant permission to file his motion *nunc pro tunc*. Order, 7/15/19 ("[Appellant's] Motion for Reconsideration of Sentence shall be considered *nunc pro tunc* . . ."); ***see also Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) ("If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly."). Appellant's post-sentence motion is therefore timely. ***See Commonwealth v. Wright***, 846 A.2d 730, 734 (Pa. Super. 2004) ("[W]hen the trial court grants a request to file a post-sentence motion *nunc pro tunc*, the post-sentence motion filed as a result must be treated as though it were filed within the 10-day period following the imposition of sentence.") (citation omitted).

substantial question.") (citations omitted). Appellant additionally asserts that the trial court failed to consider his character. Appellant's Brief at 10. This claim also raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted).

> In reviewing Appellant's sentencing challenge, we recognize:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

> The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the

court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

Additionally:

[When] imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

*Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)).

Appellant claims the trial court abused its discretion by considering an impermissible factor in fashioning his sentence. *See* Appellant's Brief at 13-18. Specifically, Appellant states, "[b]y allowing the arresting officer to testify and issue opinions and unsubstantiated hearsay about someone he does not know outside of the one day he interrogated him, the trial court considered irrelevant and impermissible factors when it imposed its manifestly excessive sentence." *Id.* at 15.

With regard to impermissible sentencing factors, we have stated:

A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the

- 6 -

court's impartiality, or information that it is otherwise unfair to hold against the defendant.

***Commonwealth v. Downing***, 990 A.2d 788, 793 (Pa. Super. 2010) (citations omitted). However, we are only required to vacate the sentence if we conclude the court relied upon impermissible factors when imposing its sentence.

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

***Commonwealth v. Scott***, 860 A.2d 1029, 1030 (Pa. Super. 2004) (citation omitted).

The trial court provided the following rationale for Appellant's sentence at the May 17, 2019 hearing:

> [Appellant], [t]he [c]ourt had an opportunity to hear the arguments of counsel, review the presentence investigation, and, more importantly, review the facts of this particular case, and, in all the years I've been involved with the criminal justice system, I find this to be one of the most heinous crimes that can be committed; those that are upon children. I question as to how long this conduct could have or would have gone on if not for the fact that you were caught. Not only -- even in your words you said -- not only did you violate the trust of those two children, but you shattered their innocence, and it's something that's going to affect them for the rest of their lives, and you did this while they were under your care, which is very concerning for [t]he [c]ourt as well. And based upon my review of all the facts and the presentence investigation, I consider you not only a danger to children, but society as a whole. I considered the nature and the

- 7 -

> gravity [of the] offenses, and, as such, it will be the sentence of this court as follows. . . .

N.T., 5/17/19, at 51-52.

We discern no error. At sentencing, the trial court did not mention or reference the arresting officer's testimony when imposing Appellant's standard-range sentence. *See id.* Thus, we cannot conclude that the court relied upon an impermissible factor. *See Scott*, 860 A.2d at 1030.

Further, "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* Here, in addition to reading and referencing the PSI report, the trial court specifically addressed the "heinous" nature of Appellant's crimes, the impact on the victims, and the danger Appellant poses to the public. Accordingly, we find no merit to Appellant's claim that the trial court imposed an excessive sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/21/2020