J-S26006-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
                                 :
           v.                      :
                                 :
                                 :
MARK ALAN MCELHENY             :
                                 :
           Appellant          :       No. 836 WDA 2019

Appeal from the Judgment of Sentence Entered May 14, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0001684-2017

BEFORE:    MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:              FILED AUGUST 21, 2020

Mark Alan McElheny (Appellant) appeals from the judgment of sentence imposed after the trial court granted his motion for reconsideration of sentence. We affirm.

On September 13, 2018, Appellant pled guilty to aggravated assault of a victim less than 6 years old, simple assault, and two counts of endangering the welfare of a child, stemming from the physical abuse of two minor children in Appellant's care.[1] Affidavit of Probable Cause, 7/19/17, at 1. One victim, a 6-year-old, reported that Appellant struck her and forcefully pulled her hair. Id. Following an investigation, the Commonwealth determined that Appellant subjected a 14-month-old victim to hair pulling and other physical abuse. Id.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2702(a)(8), 2701(a)(1), and 4304(a)(1).

As a result, the younger victim suffered subgaleal hematomas and a torn frenulum. Id. at 1-2.

After Appellant entered his plea, the trial court deferring sentencing for the preparation of a pre-sentence investigation (PSI) report. On December 20, 2018, the court sentenced Appellant to an aggregate 6 to 13 years of incarceration. On December 26, 2018, Appellant filed a post-sentence motion for reconsideration of sentence. Following a hearing on May 14, 2019, the court granted Appellant's request and reduced the aggregate sentence to 5 to 11 years.[2]

Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Appellant presents a single question:

> Did the trial court manifestly abuse the discretion afforded to it where it imposed a sentence considerably above the standard and aggravated ranges to an extent that said sentence was contrary to the fundamental norms underlying our established plea and sentencing process, and in relying on duplicative or non-existent factors?

Appellant's Brief at 5 (numbering omitted).

Appellant challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014).

_____

[2] The court reduced Appellant's sentence for aggravated assault from 4 to 8 years of incarceration to 3 to 6 years of incarceration.

"An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising his discretionary sentencing claim in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. See Appellant's Brief at 12-13. Therefore, we examine whether Appellant presents a substantial question.

Appellant presents three claims of error. Appellant first argues that the trial court abused its discretion in formulating his sentence for aggravated assault. Appellant "avers that the [trial] court erred in imposing an excessive sentence, an upward departure from the recommended standard and

aggravated sentencing range, without proper justification." Appellant's Brief at 12. This claim raises a substantial question. See Commonwealth v. Sheller, 961 A.2d 187, 190 (Pa. Super. 2008) (An appellant's "contention that the sentencing court exceeded the recommended range in the Sentencing Guidelines without an adequate basis raises a substantial question for this Court to review.") (citations omitted). Secondly, Appellant argues that the trial court imposed an excessive sentence for aggravated assault where the court considered impermissible factors. Appellant's Brief at 12. This claim also raises a substantial question. See Commonwealth v. Allen, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("A claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). Finally, Appellant claims the court "abused its discretion in failing to consider the mitigating factors that were presented at and before sentencing [when imposing his sentence in the aggregate]." Appellant's Brief at 12. This claim also raises a substantial question. See Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.") (citations omitted).

> Preliminarily, we recognize:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or

committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Cook, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

Id.

Additionally:

In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

Commonwealth v. Fowler, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa. Super. 2004)).

Here, the trial court sentenced Appellant to 3 to 6 years of incarceration for aggravated assault. Order, 5/14/19. This sentence is outside of the Sentencing Guidelines, but below the statutory maximum sentence.[3] See 18 Pa.C.S.A. § 1103(2) (stating the statutory maximum sentence for a second-degree felony is 10 years). We have explained:

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. The court may deviate from the recommended guidelines; they are merely one factor among many that the court must consider in imposing a sentence. A court may depart from the guidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community. When a court chooses to depart from the guidelines, however, it must demonstrate on the record, as a proper starting point, his [or her] awareness of the sentencing guidelines. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).
>
> When reviewing a sentence outside the guideline range, the essential question is whether the sentence imposed was reasonable. An appellate court must vacate and remand a case where it finds that "the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable." 42 Pa.C.S.A. § 9781(c)(3). In making a reasonableness determination, a court should consider four factors:
>
>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

---

[3] The sentences Appellant received at his other three convictions were within the Sentencing Guideline recommended ranges.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d). A sentence may be found unreasonable if it fails to properly account for these four factors. A sentence may also be found unreasonable if the sentence was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing [set forth in 42 Pa.C.S.A. § 9721(b)].

Sheller, 961 A.2d at 190-91 (some citations omitted).

At sentencing on December 20, 2018, the trial court stated:

. . . The [c]ourt notes that it stayed within the standard range sentencing guidelines, except for Count 1, Aggravated Assault. The reasons for which the [c]ourt went outside the guidelines are as follows:

A. The age of the victims. The [c]ourt recognizes that the crime itself encompasses and considers the age of the victims and that was not a defining nor controlling factor but is important to note.

B. There were multiple victims.

C. The actions of [Appellant], even though he provided the [c]ourt with a drug-related excuse, were deliberate.

D. The continuing action or the pattern of abuse imposed by the [Appellant] upon the children.

E. The lasting impact upon the victims.

F. The physical pain inflicted upon the victims.

G. The emotional pain inflicted upon the victims.

H. The degree of suffering, both from the professional opinions proffered but more so from the photos proffered ([Commonwealth] Exhibit 1) of the victims.

- 7 -

See Order, 12/20/18, at 7-8; N.T., 12/20/18, at 22.

At Appellant's re-sentencing, the trial court explained:

I want to say to [Appellant's] family that came, I do listen to you. When I come into these things, I usually have a range of what I'm going to do. I don't want to have my mind made up before I come in or listening to you would have no impact and I don't think that would be fair to you, so, I do pay attention to what you have to say. I don't want to, nor can I undo what occurred. I would tell you that when I reviewed this yesterday and I spent much more time on this than I normally would. I spent about two hours preparing for this, which is a lot of time for me on something like this. I did notice [Appellant] that you had walked out of two inpatient drug and alcohol treatments, that when you then had a chance for outpatient, you walked away. So, while I recognize -- and I have a lot of respect for [your attorney]. . . . the fact of the matter is that every effort was made to provide you with what could be done to address your drug and alcohol treatment -- your drug and alcohol condition and three different times, you rejected that help. When I read my order and went back into the file, I saw it on the criminal complaint but the criminal complaint is often not sufficient to act on and it was whether or not it was -- I want you to know the two things I looked at; was there a pattern of abuse, was it more than an isolated incident? I believed and found that it was more than -- it was not an isolated incident, that it occurred more than once and that there was a pattern. If somehow that would be wrong, then that would have given way to me making some changes. The enduring consequences to the victims and their ages were substantial factors in how I arrived at that original sentence. I'm going to provide you with some relief but it's going to not be substantial. It's going to be -- when I did my review of the aggravated assault charge, that is the highest sentence I've ever provided in that range. I've been on the bench 17 years, you know, it's near -- I have never given anyone with 0 prior record score -- although when you read the Pre-Sentence, [Appellant] might have a prior 0 record but he did have a lot of run-ins, I mean, he had a lot of different run-ins with the law, albeit, they don't create a score for you. . . .

N.T., 5/14/19, at 17-18.

The court subsequently opined:

The court, in its sentencing order dated December 20, 2018 (pages 7-8), put forth its reasons for that sentencing and for going outside the aggravated range on the charge of aggravated assault (against a child less than 6 years old).

[Appellant] filed a timely motion for reconsideration which was granted and the court conducted a subsequent hearing on May 14, 2019. At that hearing, the court resentenced [Appellant], lowering his sentence at count one, aggravated assault[,] lowering the minimum of six years to five years. Therefore[, Appellant's] sentence was reduced to a period of not less [than] five years nor more than eleven years. In all other ways, the original sentence of December 20, 2018 remained in full force and effect. Once again, the court laid out its reasons for its sentencing that day and the transcript of both hearings contained that discussion. This court notes the photos of the children, which were put into evidence, are indicative of the degree of injuries which [Appellant] imposed upon these very young children. The December 20, 2018 sentencing hearing transcript, pages 13-20, discusses the impact on the victims. This court spent substantial time, and heard from all parties involved and weighed its consideration.

Finally, the court did upon the review, reduce [Appellant's] minimum sentence by one year. The statement of matters complained of filed by [Appellant] all goes to the discretion of the court's sentence, alleging an abuse of discretion. The court did consider the Sentencing Guidelines and followed them except for count one, aggravated assault, in which the court believed that going outside the aggravated range was appropriate. The court considered the general standard set forth under 42 Pa.[C.S.A.] §[]9721(b), however placed more weight as it relates to the impact on the life of the victims. The rehabilitative needs of [Appellant] would have been provided more consideration had [Appellant] not left both inpatient and outpatient drug rehabilitation []voluntarily and against orders.

Trial Court Opinion, 9/26/19, at 2-3.

Upon review, we discern no error. At Appellant's original sentencing hearing, while acknowledging the Sentencing Guidelines, the trial court

imposed a sentence outside the Guidelines for aggravated assault. Order, 12/20/18, at 7. In open court, the trial court dictated the reasons for deviating from the Guidelines. Order, 12/20/18, at 7-8; N.T., 12/20/18, at 22. Further, the court had multiple opportunities to observe Appellant and was aided by a PSI report. Appellant's sentence of 3 to 6 years of incarceration is therefore reasonable.

Appellant further argues the trial court abused its discretion by considering impermissible factors. Appellant's Brief at 12. Specifically, Appellant argues the trial court impermissibly considered its finding that Appellant engaged in a pattern of abuse, as well as the victim's age, as reasons for imposing a sentence above the Guidelines. See Appellant's Brief at 15-21.

> As to impermissible sentencing factors:
>
> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

Commonwealth v. Downing, 990 A.2d 788, 793 (Pa. Super. 2010). We are only required to vacate the sentence if we conclude the court relied upon impermissible factors when imposing its sentence.

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate

court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

Commonwealth v. Scott, 860 A.2d 1029, 1030 (Pa. Super. 2004).

Here, the trial court listed the "continuing action or the pattern of abuse imposed by the [Appellant] upon the children" as a factor in sentencing Appellant outside the Sentencing Guidelines for aggravated assault. Order, 12/20/18, at 8. Upon review, there is ample evidence that Appellant's abuse of the 14-month-old victim was ongoing.

For example, the emergency room physician who examined the 14-month-old victim is quoted as stating her "injuries occurred over a course of time and were in various stages of healing." PSI Report, 12/6/18, at 2 (citing Affidavit of Probable Cause, 7/19/17, at 1).[4] The report further states that "[w]itnesses at the daycare center and interviews compiled throughout [the] investigation do indicate evidence of hair loss over a period of one month." Id. (citing Affidavit of Probable Cause, 7/19/17, at 1). Thus, the trial court had an evidentiary basis to conclude that Appellant's abuse of the 14-month-old victim was not isolated, and properly cited the ongoing nature of the abuse as a reason for departing from the Guidelines.

_____

[4] Appellant did not object to the contents of the PSI report and does not challenge the report on appeal.

In examining the court's consideration of the 14-month-old victim's age as an aggravating factor in sentencing Appellant outside the Sentencing Guidelines, see Order, 12/20/18, at 8, we recognize that the victim's age is an element of the section of the aggravated assault statute. 18 Pa.C.S.A. § 2702(a)(8) ("A person is guilty of aggravated assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to a child less than six years of age, by a person 18 years of age or older.").

However, "[e]ven if a sentencing court relies on a factor that should have not been considered, there is no abuse of discretion when the sentencing court has significant other support for its departure from the [S]entencing [G]uidelines." Sheller, 961 A.2d at 192 (citations omitted). Here, the trial court recited proper factors it considered in fashioning Appellant's sentence, including the deliberate nature of Appellant's actions, the pattern of abuse, the physical and emotional impact on the victim, and the degree of suffering the victim endured. See id. We discern no error.

Finally, Appellant claims that the trial court imposed an excessive sentence by failing to consider mitigating factors. However, "[w]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." Commonwealth v. Corley, 31 A.3d 293, 298 (Pa. Super. 2011). "In those circumstances, we can assume the sentencing court was aware of relevant

- 12 -

information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Id.

Here, in addition to referencing the PSI report, the court addressed Appellant's rehabilitative needs, his voluntary departure from several rehabilitation programs, the statements of Appellant's witnesses at resentencing, the impact of the crimes on the victims, and the severity of the victims' injuries.

Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated consecutive sentences. See Commonwealth v. Zirkle, 107 A.3d 127, 133 (Pa. Super. 2014) ("We have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court.") (citations omitted). In sum, the record reflects that the trial court weighed the appropriate factors and properly fashioned an individualized sentence.

For the foregoing reasons, Appellant's sentencing claim lacks merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/21/2020

- 13 -