J-A05013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE SAUNDERS | : | |
| | : | |
| Appellant | : | No. 3420 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 6, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005333-2005

BEFORE: OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    Filed: July 8, 2021

Appellant, Clarence Saunders appeals from the judgment of sentence

entered on September 6, 2019 following resentencing.  We affirm.

As set forth by the trial court, the facts and procedural history of this

case are as follows:

> On June 12, 2007, a jury convicted [Appellant of] one count of
> murder in the first-degree in violation of 18 Pa.C.S.[A.] § 2502(a)
> and [] one count of firearms not to be carried without a license in
> violation of 18 Pa.C.S.[A.] § 6106. At the time of offense,
> [Appellant] was a [16-year-old] juvenile[.]  The trial court
> imposed a mandatory sentence of life imprisonment without the
> possibility of parole for [first-degree murder] and a consecutive
> [sentence of three-and-one-half  to seven years of imprisonment
> for the firearm violation].
>
> In 2012, the United States Supreme Court held in *Miller v.
> Alabama*, 567 U.S. 460, 477-479 (2012), that mandatory life
> sentences without the possibility of parole for juveniles violated
> the Eighth Amendment to the United States Constitution. The

---

[*] Former Justice specially assigned to the Superior Court.

Court also determined a juvenile must receive a proportionate and individual sentence that considers the juvenile's hallmark features and circumstances surrounding the crime. *Id.* Furthermore, in *Montgomery v. Louisiana*, 136 S. Ct. 718, 732-733 (2016), the Court made the holding in *Miller* retroactive on state collateral review.

Pursuant to the holdings in *Miller* and *Montgomery*, [the trial] court vacated [Appellant's] previously imposed life without parole sentence and held a two-day resentencing hearing where both the Commonwealth and [Appellant] presented witnesses, expert testimony, and over 70 exhibits. On September 6, 2019, [the trial] court resentenced [Appellant] to [] 35 years to life imprisonment [for first-degree murder] and [a consecutive sentence of three] to [six] years [of] imprisonment [for the firearm conviction] for an aggregate sentence of 38 years to life [imprisonment].

On September 13, 2019, [Appellant] filed a post-sentence motion for reconsideration of the [] sentence. The [trial] court denied the motion for reconsideration on November 15, 2019.

Trial Court Opinion, 7/16/2020, at *1-2 (unpaginated) (superfluous capitalization omitted). This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Whether the aggregate sentence of 38 years to life [imprisonment] is a *de facto* life sentence, requiring, as mandated by the Pennsylvania Supreme Court in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), that the sentencing court find beyond a reasonable doubt that the juvenile was permanently incorrigible, irreparably corrupt or irretrievably depraved?

_____

[1] Appellant filed a notice of appeal on November 26, 2019. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 9, 2019. Appellant complied timely after requesting and receiving an extension of time to file the Rule 1925(b) concise statement. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 16, 2020.

2. Whether the sentencing court committed [an] abuse of its discretion in imposing sentence of [three] to [six] years [of imprisonment] for firearms not to be carried without a license, a minimum term of confinement in the aggravated range of the sentencing guidelines, where the court failed to state reasons for the sentence in the aggravated range or identify aggravating circumstances?

3. Whether the aggregate sentence of 38 years to life [imprisonment] is an abuse of discretion, as it is unduly harsh and manifestly excessive, imposed as it was based entirely on the serious nature of the crime, without regard to mitigating evidence presented by [Appellant], and premised on an impermissible factor?

Appellant's Brief at 5 (superfluous capitalization omitted).

In his first issue presented, Appellant contends:

[his] sentence constituted a *de facto* life sentence, which cannot be imposed unless the trial court finds beyond a reasonable doubt that Appellant was permanently incorrigible, irreparably corrupt or irretrievably depraved. Because the trial court did not make any such factual finding, Appellant requests that this Court remand for a new sentencing hearing.

*Id.* at 23, *citing* **Batts**, **II**.

We have previously determined that a claim that the trial court imposed an impermissible *de facto* life sentence in violation of **Miller** constitutes a challenge to the legality of sentence. **See Commonwealth v. Clary**, 226 A.3d 571, 580 (Pa. Super. 2020). This Court has stated:

A claim challenging a sentencing court's legal authority to impose a particular sentence presents a question regarding the legality of the sentence. The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is [*de novo* and our scope of review is plenary].

A trial court may not impose a term-of-years sentence on a juvenile convicted of homicide that equates to a *de facto* [life

- 3 -

without parole ("LWOP")] sentence unless it finds, beyond a reasonable doubt, that the juvenile is incapable of rehabilitation.

*Clary*, 226 A.3d at 580–581 (internal citations omitted).

We further explained:

In *Miller*, the [United States] Supreme Court held that it was unconstitutional to impose mandatory LWOP sentences for defendants who committed their crimes while under the age of 18. *Miller*, 567 U.S. at 465[.] The Court nonetheless opined that a LWOP sentence is still a viable sentence for "the rare juvenile offender whose crime reflects irreparable corruption," and a judge or jury must consider individualized characteristics and circumstances, including an offender's youth and attendant characteristics, before imposing this harshest possible penalty. *Id.* at 479-480, 483, 489[.] In *Montgomery*, the U.S. Supreme Court held that its decision in *Miller*, *supra*, applies retroactively. *Montgomery*, 136 S.Ct. at 732. The Court "expressly left it to the States to determine how the holding in *Miller* was to be implemented in state court proceedings." *Commonwealth v. Batts*, 163 A.3d 410, 432 (Pa. 2017) ("*Batts II*") (citation omitted).

In *Batts II*, our Supreme Court concluded "that to effectuate the mandate of *Miller* and *Montgomery*," it would provide a procedural safeguard to ensure that LWOP sentences "are meted out only to 'the rarest of juvenile offenders' whose crimes reflect 'permanent incorrigibility'" by recognizing a presumption against the imposition of a LWOP sentence for a juvenile offender. *Batts II*, 163 A.3d at 415-16. Therefore, if the Commonwealth seeks a LWOP sentence for a juvenile offender, it must prove beyond a reasonable doubt that the offender "exhibits such irretrievable depravity that rehabilitation is impossible." *Id.* at 455 (*quoting Montgomery*, *supra* at 733) (emphasis omitted). If the Commonwealth satisfies its burden of proof, the sentencing court has discretion to impose a LWOP sentence upon the juvenile offender. *Batts II*, *supra* at 460.

When the Commonwealth requests a sentence of LWOP, the sentencing court must consider the *Miller* and [18 Pa.C.S.A. §] 1102.1(d)[fn A] factors on the record, before imposing a sentence. *Commonwealth v. Machicote*, 206 A.3d 1110, 1120 (Pa. 2019); *Batts II*, *supra* at 459-60. If the court imposes the requested LWOP sentence, it "must find that the juvenile offender

is permanently incorrigible and that rehabilitation would be impossible." **Batts II**, **supra** at 459.[2]

However, if [] the court sentences "a juvenile offender to a life with the possibility of parole, traditional sentencing considerations apply," and the court considers the factors set forth in 42 Pa.C.S.A. § 9721(b); **Batts II**, **supra** at 460 (citation omitted[]). Section 9721(b) provides that the court shall fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Thus, where [] the sentencing court rules in a defendant's favor by declining the Commonwealth's request to sentence the appellant to LWOP, on appeal, we need not review whether the court properly considered the **Miller** factors. Rather, we review the appellant's sentence as we would any other sentence imposed pursuant to Section 9721(b). **See Batts II**, **supra** at 460.

[fn A] [….T]he sentencing court is required to consider and make findings on the record related to the following factors:

(1) The impact of the offense on each victim, including oral and written victim impact statements made or submitted by family members of the victim detailing the physical, psychological and economic effects of the crime on the victim and the victim's family. A victim impact statement may include comment on the sentence of the defendant.

(2) The impact of the offense on the community.

---

2  The United States Supreme Court recently abrogated **Batts II** in **Jones v. Mississippi**, 141 S. Ct. 1307 (2021).  The **Jones** Court confirmed that mandatory sentences of life without the possibility for juvenile offenders violate the cruel and unusual punishment clause of the Eighth Amendment of the United States Constitution, but held that sentencing schemes which allow the discretionary imposition of life sentences pass muster under the federal constitution and need not require a separate factual finding of permanent incorrigibility. **See Jones**, 141 S. Ct. at 1318–1319.  As discussed below, we conclude that Appellant's sentence does not amount to a *de facto* life sentence.  We also note that while Appellant's claim may continue to possess some merit under the Pennsylvania Constitution, it no longer states a viable theory of relief under the Eighth Amendment in light of **Jones**.

(3) The threat to the safety of the public or any individual posed by the defendant.

(4) The nature and circumstances of the offense committed by the defendant.

(5) The degree of the defendant's culpability.

(6) Guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing.

(7) Age-related characteristics of the defendant, including:

(i) Age.

(ii) Mental capacity.

(iii) Maturity.

(iv) The degree of criminal sophistication exhibited by the defendant.

(v) The nature and extent of any prior delinquent or criminal history, including the success or failure of any previous attempts by the court to rehabilitate the defendant.

(vi) Probation or institutional reports.

(vii) Other relevant factors.

18 Pa.C.S.A. § 1102.1(d).

*Clary*, 226 A.3d at 577–578 (original brackets omitted).

Additionally, we have opined:

This [C]ourt has distinguished between [] sentences which constitute *de facto* LWOP sentences and those that do not. [**See Commonwealth v. Foust**, 180 A.3d 416, 438 (Pa. Super. 2018)].

In **Foust**, this Court concluded that a 150–year sentence is a *de facto* LWOP sentence and a 30 years to life sentence does not constitute a *de facto* LWOP sentence. **Id.**

For sentences that fall between the clearly constitutional and unconstitutional parameters, we have concluded that a sentence

is not a *de facto* LWOP sentence where there is "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." ***Commonwealth v. Bebout***, 186 A.3d 462, 467 (Pa. Super. 2018) (citation omitted). Thus, "it must at least be plausible that one could survive to the minimum release date with some consequential likelihood that a non-trivial amount of time at liberty awaits." ***Id.*** at 468 (emphasis omitted). If there is no meaningful opportunity for parole, the sentence constitutes a *de facto* LWOP sentence. ***Id.*** We, therefore[,] consider the age the appellant would be eligible for parole to determine whether the new sentence is the functional equivalent of LWOP. ***Id.***

In ***Commonwealth v. Anderson***, 224 A.3d 40, 47-48 (Pa. Super. 2019), a post-***Miller*** case, the appellant received a sentence of 50 years' to life imprisonment upon resentencing. [***See Anderson***,] 224 A.3d at 41-42. Because Anderson was 17 years old at the time he began serving his sentence, he would, thus, be eligible for parole at age 67. ***Id.*** at 46-47. We, therefore, concluded that his sentence was not the functional equivalent of LWOP. ***Id.*** at 47-48[;] ***see also Bebout***, ***supra*** at 468 (concluding the appellant's 45 years to life sentence in which he would be eligible for parole at the age of 60 was not *de facto* LWOP); ***Commonwealth v. Lekka***, 210 A.3d 343, 357-358 (Pa. Super. 2019) (concluding that because the appellant's term of 45 years' to life imprisonment rendered him eligible for parole at the age of 62, it was not a *de facto* LWOP sentence); ***Foust***, ***supra*** at 438, 441 (concluding that the appellant's two consecutive 30 year to life sentences were not a *de facto* LWOP sentence and noting that even considering [the a]ppellant's aggregate sentence, he had a chance of being released into society in his 70s).

***Clary***, 226 A.3d at 580-582 (ultimately concluding that, in view of Clary's eligibility for parole for his first-degree murder conviction at age 58, he had a meaningful opportunity to obtain release and his sentence could not be considered *de facto* life without the possibility parole).

Here, the trial court imposed a total sentence of 38 years to life imprisonment. The trial court, recognizing that Appellant will be 54 years old when he becomes eligible for parole, determined that its sentence, therefore,

did not constitute an illegal, *de facto* life sentence. Trial Court Opinion, 7/16/2020, at *5 (unpaginated). We agree.

In this case, the trial court properly considered the age when Appellant would be eligible for parole in order to determine that the new sentence was not the functional equivalent of a *de facto* sentence of life without the possibility of parole. Since Appellant will have a meaningful opportunity to obtain his release, we agree with the trial court's assessment that Appellant's sentence cannot be considered *de facto* life without the possibility of parole. As such, we need not consider whether the trial court errantly omitted a finding of permanent incorrigibility.[3] Thus, Appellant's first claim is without merit.

In his second and third issues presented, which we will examine together, Appellant argues that the trial court abused its discretion by imposing an aggravated range sentence for his firearm conviction, consecutive to the sentence for first-degree murder, without adequately stating its reasons on the record and by considering impermissible factors. More specifically, Appellant argues:

> Appellant [] was sentenced for the crime of firearms not to be carried without a license to a term of confinement of not less than [three] nor more than [six] years, consecutive to a term of thirty[-]five years to life [imprisonment] for first[-]degree

---

[3] Regardless, as mentioned previously, the United States Supreme Court "has unequivocally stated that a separate factual finding of permanent incorrigibility is not required before a sentencer imposes a life-without-parole sentence on a murderer under 18." **Jones**, 141 S. Ct. at 1318–1319.

murder. The applicable sentencing guideline standard range for firearms not to be carried without a license is 12 to 24 months [of incarceration], and the aggravated range limit is 36 months[' imprisonment]. The sentencing court imposed [Appellant's] sentence in the aggravated range without identifying any aggravating circumstances or otherwise stating on the record reasons for imposing sentence in the aggravated range, in violation of the sentencing guidelines[.]

Appellant's Brief at 46 (superfluous capitalization and record citations omitted). Moreover, Appellant contends:

The aggregate consecutive sentence of 38 years to life [imprisonment], consisting of 35 years to life for first[-]degree murder and a consecutive term of [three] to [six] years [of imprisonment] for firearms not to be carried without a license, is overly harsh and manifestly excessive, given the nature of the crime and the length of the term of confinement. The aggregate sentences were imposed based solely on the serious nature of the crime without regard to Appellant's remorse, his adolescence, the fact that Appellant was heavily influenced by an adult in the commission of the crime, Appellant's unsupportive home environment, Appellant's learning disability and the substantial progress Appellant has made towards rehabilitation during 15 years of confinement. The sentences were ordered to be served consecutively based upon an impermissible factor, that is, to keep the sentences in line with the sentencing scheme imposed by the original sentencing judge.

*Id.* at 51-52 (superfluous capitalization omitted).

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for

permission to appeal the discretionary aspects of his sentence. *Id.* As this Court has explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708(E)]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant complied with the first three requirements above. Thus, we examine whether Appellant presents a substantial question for review. Generally, for an appellant to raise a substantial question that his sentence is inappropriate under the Sentencing Code, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (e*n banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). As this Court has held, a claim that the sentencing court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, does raise a substantial question under the Sentencing Code. *Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2013) (a claim that the trial court "failed to consider relevant sentencing criteria, including the

protection of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant, raised a substantial question); **Commonwealth v. Dodge**, 77 A.3d 1263, 1273 (Pa. Super. 2013) (*en banc*) ("we find that Appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its [consecutive, standard range] sentence presents a substantial question for our review"); **Commonwealth v. Moury**, 992 A.2d 162, 171-172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."); **Commonwealth v. Rhoads**, 990 A.2d 732, 745 (Pa. Super. 2009), *appeal denied*, 14 A.3d 827 (Pa. 2010) (an appellant raises a substantial question where he alleges that the trial court relied upon impermissible factors at sentencing). Thus, we will address the merits of Appellant's discretionary sentencing claim.

With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001). "[A] sentencing court generally has discretion to impose multiple sentences

concurrently or consecutively[.]" ***Commonwealth v. Horning***, 193 A.3d 411, 418 (Pa. Super. 2018). This Court has held:

> An abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court [has explained]: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

***Moury***, 992 A.2d at 169–170 (internal citation and brackets omitted).

We also adhere to 42 Pa.C.S.A. § 9781, which provides, in pertinent part:

> **(c) Determination on appeal.**--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c) and (d).

The trial court "shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed" considering "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). The trial court "is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b)[,] [h]owever, the record as a whole must reflect due consideration by the court of the statutory considerations" at the time of sentencing. ***Commonwealth v. Bullock***, 170 A.3d 1109, 1126 (Pa. Super. 2017), *citing* ***Commonwealth v. Coulverson***, 34 A.3d 135, 145 (Pa. Super. 2011). "A sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed." ***Commonwealth v. Bowen***, 975 A.2d 1120, 1122 (Pa. Super. 2009) (citation omitted). "In addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation

of a sentence will not be disturbed absent a manifest abuse of discretion." *Id.* (citation omitted).

Furthermore, we have previously determined:

In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

*Commonwealth v. Scott*, 860 A.2d 1029, 1030 (Pa. Super. 2004) (internal quotations and citations omitted). "[W]here the sentencing judge had the benefit of a PSI report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Clemat*, 218 A.3d 944, 960 (Pa. Super. 2019).

Here, in resentencing Appellant, the trial court had the benefit of, and explicitly relied upon, sentencing memoranda from both the defense and the Commonwealth. Moreover, the Commonwealth also highlighted the facts of the case at the beginning of the resentencing hearing. Multiple eyewitnesses confirmed that Appellant shot the victim eight times while running away. The murder occurred during the day while children were playing nearby. The victim ultimately sustained three fatal wounds to the head, including one shot that was fired from 10 inches away. The firearm and additional ammunition were discarded in a nearby garage. *See* N.T., 8/27/2019, at 6-9. The trial

court also heard victim impact testimony from the victim's father and sister. *Id.* at 38-65. The Commonwealth provided another written victim impact statement for the trial court's consideration. *Id.* at 65-66. Defense counsel presented two correctional officers who testified about Appellant's positive behavior while imprisoned. *Id.* at 77-124. Defense counsel also presented the testimony and report of a mitigation expert, Dr. Frank Dattilio, a clinical and forensic psychologist. N.T., 8/28/2019, at 4-146. Appellant exercised his right to allocution, exhibited remorse, and highlighted his positive strides within the prison system. *Id.* at 149-152. Before imposing Appellant's current sentence, the trial court indicated that it reviewed 57 defense exhibits and 23 exhibits submitted by the Commonwealth. N.T., 9/6/2019, at 6. It also considered the factors under 18 Pa.C.S.A. § 1102.1(d), as set forth above. *Id.* Ultimately, the trial court determined that Appellant's use of a firearm, for which he did not have a license to carry because he was a minor at the time of the crimes, warranted a consecutive, aggravated range sentence for his firearm conviction under the facts of the case. Trial Court Opinion, 7/16/2020, at *3 (unpaginated).

We perceive no abuse of discretion in the trial court's assessment. The record reveals that the trial court considered all relevant sentencing factors and mitigation evidence presented by Appellant before resentencing. It properly determined that Appellant's illegal use of a firearm during the commission of the murder warranted a consecutive, aggravated range

sentence for Appellant's firearm conviction. These findings were well-supported by the record and reflect the exercise of sound judicial discretion in resentencing Appellant. As such, Appellant's second and third issues lack merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/21