COMMONWEALTH of Pennsylvania,
Appellee

v.

Jonathan SCOTT, Appellant.

No. 1981 EDA 2003.

Superior Court of Pennsylvania.

Submitted May 3, 2004.
Filed July 21, 2004.
Reargument Denied Sept. 30, 2004.

Glen R. Morris, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before: DEL SOLE, P.J., TODD and PANELLA, JJ.

DEL SOLE, P.J.:

¶ 1 This is an appeal from the judgment of sentence imposed after Appellant was convicted at a jury trial of aggravated assault, attempted murder, and possessing instruments of crime. Following sentencing, Appellant failed to file a direct appeal. Appellant later filed a PCRA petition seeking to reinstate his right to appeal *nunc pro tunc*, which was granted, and this appeal followed.

¶ 2 Appellant raises four issues in this appeal. The first is whether the Commonwealth acted improperly by engaging in *ex parte* communications with Appellant and whether this information was improperly considered by the sentencing court, thus warranting a new trial or, alternatively, resentencing.

¶ 3 The events giving rise to this issue occurred when an Assistant District Attorney for the Commonwealth, approached Appellant after Appellant's conviction but before his sentencing hearing, seeking Appellant's testimony as a witness in a separate matter. Appellant claims neither his counsel nor the court were notified of the Commonwealth's contact with Appellant. The ADA testified at Appellant's sentencing hearing regarding his lack of cooperation. Appellant claims that this testimony was improperly considered at sentencing. We note that Appellant's trial counsel timely objected to this testimony given at sentencing.

¶ 4 "In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor." *Commonwealth v. Schwartz*, 275 Pa.Super. 112, 418 A.2d 637, 638 (1980). In *Schwartz*, this Court held that where it reasonably appeared that the judge relied in part on *ex parte* information in sentencing the defendant, the sentence had to be vacated. *Id.*, at 639. In that case the judge relied on information not properly before him, which was brought to him by a State Police officer. The judge's consideration of this *ex parte* information in formulating the sentence was reflected in the record.

¶ 5 After careful review of the record in the instant case, it is apparent that the sentencing judge considered the information presented in the ADA's testimony. The judge indicated her recognition of the questionable nature of the communication between the ADA and Appellant when she stated that she was declining to levy sanctions at that time. N.T., 11/09/00, at 23. Her ultimate consideration of the informa-

tion is shown by her remark that she would not completely disregard the *ex parte* information, and her three separate statements that she would consider it "with caution." N.T., 11/09/00, at 23. Based on the sentencing judge's statements of record it reasonably appears that the *ex parte* information was considered. The information adduced from this testimony about Appellant's lack of cooperation when approached without the benefit of his counsel should not have been considered by the court in formulating the sentence.

■ ¶ 6 Generally, the factors to be considered by the trial court when determining a defendant's sentence include the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing. The sentence imposed must be consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Guth,* 735 A.2d 709, 711 (Pa.Super.1999). Additionally, the Sentencing Code enumerates several factors to be considered in determining the appropriate sentence. Failure to cooperate with the Commonwealth in its prosecution of a separate matter is not listed among them. Although the Commonwealth held Appellant's non-cooperation out to be a failure to show remorse for his crimes, we do not agree. This information brought forth by the Commonwealth concerning its contact with a represented defendant without the presence of defendant's counsel was not relevant to the matter and not appropriate for the court's consideration. Accordingly, we find that the sentence must be vacated, and the matter remanded for resentencing.

■ ¶ 7 Appellant's remaining claims each concern allegations of ineffective as-

sistance of counsel. Specifically he alleges that counsel failed to file post-trial motions, that counsel failed to call a witness to testify in support of Appellant's self defense claim, and that counsel excessively urged Appellant to take a jury trial despite Appellant's wishes not to be tried by a jury.[1]

■ ¶ 8 Because this is a direct appeal, this Court must forgo review of these issues of ineffective assistance of counsel at this time. "[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726, 738 (2002). This rule was created to remedy concerns that an appellate court may be handicapped when it attempts to review an ineffectiveness claim on an undeveloped record. In this instance these claims of ineffectiveness are not developed on the record and it would be inappropriate for us to undertake a review at this time. Pursuant to *Grant,* we therefore dismiss these claims without prejudice to Appellant's ability to raise them in a timely post-conviction proceeding.

¶ 9 Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

---

1. Although this final claim is framed by Appellant as a deprivation of his constitutional right to a jury trial, it really challenges counsel's actions in urging Appellant to seek a bench trial, and thus seeks a review of counsel's stewardship.