J-S05023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| REGGIE JAY MARTIN, JR. | |
| Appellant | No. 953 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 17, 2021
In the Court of Common Pleas of the 39th Judicial District, Franklin County
Branch, Criminal Division at No: CP-28-CR-0000728-2020

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                     **FILED APRIL 01, 2022**

Appellant, Reggie Jay Martin, Jr., appeals from the March 17, 2021 judgment of sentence imposing an aggregate 30 to 120 months of incarceration followed by 24 months of probation for unlawful transfer of a firearm, materially false statement in connection with the transfer of a firearm, and unsworn falsification to authorities.[1]  We affirm.

The record reflects that Appellant—who does not have a license to import, manufacture, or deal firearms—purchased then privately transferred a .40 caliber Hi-Point handgun (the "Firearm") to another unlicensed person

---

[1] 18 Pa.C.S.A. §§ 6111(c), (g)(4)(ii), and 4904(a)(1), respectively.

in violation of § 6111(c).[2]  In purchasing the handgun, Appellant made false statements on Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Form 4473 and in connection with the Pennsylvania Instant Check System ("PICS").  These false statements resulted in charges under §§ 6111(g)(4)(ii) and 4904(a)(1).  Subsequently, the Firearm was identified as one used by an unidentified perpetrator to shoot and injure a Pennsylvania State Police Trooper.

Appellant entered an open plea of guilty, and the trial court imposed 24 to 60 months of incarceration for § 6111(c), a consecutive 6 to 60 months of incarceration for the violation of § 6111(g)(4)(ii), and 24 months of probation for the violation of § 4904(a)(1).  The periods of incarceration fell within the aggravated guideline range.  Appellant filed a timely post-sentence motion seeking modification of his sentence on March 22, 2021.  The trial court denied that motion on June 21 ,2021.  This timely appeal followed.

Appellant presents two assertions of error:

1.  Whether the trial court abused its discretion by imposing consecutive sentences?

---

[2]  Section 6111(c) provides in relevant part:

Any person who is not a licensed importer, manufacturer or dealer and who desires to sell or transfer a firearm to another unlicensed person shall do so only upon the place of business of a licensed importer, manufacturer, dealer or county sheriff's office, the latter of whom shall follow the procedure set forth in this section as if he were the seller of the firearm.

18 Pa.C.S.A. § 6111(c).

     2. Whether the trial court abused its discretion by imposing an aggravated range sentence based on the actions of other individuals, for which those other individuals have not been convicted?

Appellant's Brief at 14.

We note at the outset that the record does not contain a transcript of Appellant's sentencing hearing. The record includes a July 16, 2021 request for the preparation of transcripts of Appellant's March 17, 2021 sentencing and the June 17, 2021 hearing, but that request is not in the form required by Pa.R.A.P. 1911(a)[3] and Local Rule 39-4007. An inquiry with the local prothonotary confirmed that the transcript of Appellant's March 17, 2021 sentencing hearing was never properly requested and therefore never transcribed.

Regarding Appellant's first assertion of error, we can conclude without reference to a transcript that it fails to present a substantial question.

> An appeal raising the discretionary aspects of sentencing is not guaranteed as of right; rather, it is considered a petition for permission to appeal. In order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine:
>
> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief

---

[3] Rule 1911(a) provides: "**(a) General rule.** The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration." Pa.R.A.P. 1911(a).

has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

* * *

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Commonwealth v. Mulkin**, 228 A.3d 913, 916 (Pa. Super. 2020) (some citations omitted).

As noted above, Appellant filed a timely motion to modify his sentence (it raised both issues presented in this appeal), and he filed a timely notice of appeal. In his Pa.R.A.P. 2119(f) statement, Appellant argues the trial court abused its discretion in imposing consecutive sentences. "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012), **appeal denied**, 75 A.3d 1281 (Pa. 2013). Nowhere in his Pa.R.A.P. 2119(f) statement does Appellant address his aggregate sentence considering the nature of the crimes committed. He argues instead that the trial court improperly imposed consecutive sentences "for what amounted to a singular act." Appellant's Brief at 19. Appellant cites no law holding that the imposition of consecutive sentence for offenses arising out of

one act[4] presents a substantial question. We therefore conclude that Appellant's first assertion of error does not present a substantial question.

Appellant also argues that the trial court relied on an impermissible factor—the alleged but unproven subsequent criminal conduct of others—in fashioning its sentence. A trial court's reliance on an impermissible factor raises a substantial question. *Commonwealth v. Simpson*, 829 A.2d 334, 337-38 (Pa. Super. 2003).

As to the merits analysis of this issue, this Court has written:

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

*Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010).

Further,

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, **an appellate court must, of necessity, review all of the judge's comments.** Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to

---

[4] Appellant does not argue in his brief that any of the offenses merged for sentencing purposes. Merger implicates the legality of the sentence and can be raised *sua sponte* by the reviewing court. *Commonwealth v. Jenkins*, 96 A.3d 1055, 1056 (Pa. Super. 2014), *appeal denied*, 104 A.3d 3 (Pa. 2014). We agree with the trial court's conclusion that Appellant's convictions do not merge because the three offenses he committed contain distinct elements. *See* Trial Court Opinion, 9/3/21, at 5-6.

render a sentence invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

***Commonwealth v. Scott***, 860 A.2d 1029, 1030 (Pa. Super. 2004) (emphasis added), ***appeal denied***, 889 A.2d 1215 (Pa. 2005).

Appellant's failure to procure and file of record a transcript from his sentencing hearing, makes it impossible for this Court to review all the trial court's comments during sentencing. We therefore conclude Appellant has waived his second argument.[5] Pa.R.A.P. 1911(d); ***Cade v. McDaniel***, 679 A.2d 1266, 1268-69 (Pa. Super. 1996).

---

[5] We offer several observations based on the following portion of the trial court's Pa.R.A.P. 1925(a) opinion:

In the instant case, Appellant by his own admission knowingly cooperated with the request of a convicted felon to purchase a handgun in violation of a law that's [sic] clear purpose is to prevent firearms from being placed in the hand of a person who has shown a clear propensity to commit crimes and acts of violence. Ultimately that same person either intentionally or unintentionally allows that firearm to come into possession of [a] person who shot and severely injured a Pennsylvania State Trooper. The fact that the firearm purchased by Appellant has been identified as the firearm used to shoot a law enforcement officer is damning, regardless of whether or not the identity of the shooter has yet to be proven[.]

Trial Court Opinion, 9/3/21, at 12-13. Appellant does not dispute in his brief that he knowingly provided the Firearm to a convicted felon. Nor does he dispute that the Firearm has been identified as the weapon that severely injured a state trooper. Thus, based on our limited ability to review Appellant's argument (which, of necessity, cites only to the trial court opinion), it appears that Appellant's argument misrepresents the trial court's sentencing rationale. The court did not base Appellant's sentence on the alleged but unproven criminal conduct of a third party. Rather, the court considered that Appellant
*(Footnote Continued Next Page)*

Because Appellant's first argument does not present a substantial question and his second argument is waived, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022

---

did not merely transfer the Firearm in violation of § 6111(c), he knowingly transferred it to a convicted felon. Subsequently, the Firearm became the instrument of a violent crime. Section 9721(b) permits the court to consider the impact of the crime on its victim, and in this case, sadly, Appellant's unlawful transfer of the Firearm has a readily identifiable victim. 42 Pa.C.S.A. § 9721(b).