J-S45035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ROLAND SWENSON | : | |
| | : | |
| Appellant | : | No. 941 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 15, 2022
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0002970-2019

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 22, 2023**

Eric Roland Swenson (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of sexual abuse of children (photographing, videotaping, depicting on computer or filming sexual acts), sexual abuse of children (child pornography), and criminal use of communication facility.[1]  We affirm.

The trial court explained:

On May 27, 2019, Detective Greco of the Lansdale Borough (Montgomery County) Police Department was assigned to investigate a report taken from Mater Dei Catholic School involving [Appellant].  N.T., 11/29/2021, p. 30.  The report involved the assertion that [Appellant] was taking pictures of cheer practice when his [6 year old] daughter was not on the mat.  *Id.* at p. 32.  Detective Greco went to [Appellant's] home and spoke of the concern.  [Appellant] stated that he had no "nefarious" intent but, rather, had "artistic pictures" on his phone.

---

[1] *See* 18 Pa.C.S.A. §§ 6312(b), (d), and 7512.

*Id.* at p. 34. Following some discussion, [Appellant] consented to Detective Greco conducting a search of the phone. *Id.* at p. 38-39. That evening, [Appellant] emailed Detective Greco, which email included the following:

> "When you asked the question if I had any improper photos of my daughter on my phone, honestly, that hit me in the gut and mentally grossed me out. … [t]he artistic nudes I have on the phone got me thinking if I would allow my daughter to do those poses and after getting sick to my stomach and said to myself, hell no. A few photos where you can see their vagina, they are not showing the inside. Thus, I thought they were artistic pics. Please delete any and all nudes you deem necessary. The only reason I saved the photos is because I enjoy beauty. … As to my daughter's Pep squad, that is over for the year. From now on, I promise to take only photos of [my daughter]."

*Id.* at 44-45.

Detective Greco responded to the email requesting that [Appellant] come to the station. Meanwhile Detective Greco obtained a warrant for the Defendant's arrest for the possession of the pornographic images of children on the phone. The next day, March 28, 2019, [Appellant] came to the station and was taken into custody. *Id.* at p. 47.

On that same day, March 28, 2019, Detective Greco obtained a search warrant to search the contents of [Appellant's] phone and his residence and ultimately seized two (2) desktop computers and multiple hard drives, compact disks labeled with female names, USB drives and flash drives that would be used on a camera. *Id.* at p. 48-52.

After the search, still on March 28, 2019, Detective Greco spoke again with [Appellant]. After waiving his [rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966)], [Appellant] provided a statement admitting that he possessed and watched "child porn video on the computer" and that his collection included "some video, some pictures". [Appellant] advised that there were child pornographic images stored on his computer in a folder titled "mass effect2". *Id.* at 56-61.

- 2 -

Trial Court Opinion, 6/8/22, at 1-2.

The trial court further recounted:

The computer devices were professionally downloaded. Counsel [for Appellant] stipulated that [Appellant's] cell phone "contained over one hundred images and/or videos of prepubescent children engaged in sexual acts or in the simulation of such acts." Detective Greco testified that the images included "prepubescent females, various states of nudity, posing" and engaged in "sexual acts to include vaginal intercourse, anal intercourse." [N.T., 11/29/21,] at p. 69-70.

Detective Greco testified that he determined eleven (11) of the pornographic images on [Appellant's] phone to be of his daughter in various stages of undress and nudity. Two of the photographs, taken on February 9, 2019, involved [Appellant's] daughter posing for the camera. In the first photograph, [Appellant's] daughter is topless, holding a pajama or shirt top covering her vaginal area; in the second she is covering her bare breasts with her arms seemingly pushing up with her arms to accentuate her breasts. Also located on the phone were "modifications of the original" - or "cropped" versions - of the same photographs in which [Appellant's] daughter's head and face are cropped off. The modified images are essentially a zoomed-in image of the child's breasts. *Id.* at p. 72-81.

[Appellant's] daughter was six years old when these photographs were taken. *Id.* at p. 95. These photos were the bases for Counts One and Two [sexual abuse – production], 18 Pa.C.S.A §6312(b)].

*Id.* at 3.

Detective Greco discovered "tens of thousands of images and videos of child pornography" on Appellant's desktop computers. N.T., 11/29/21, at 83. The trial court, *in camera*, reviewed the evidence seized from Appellant's electronic devices. The trial court stated:

The photographs included a large number of topless, prepubescent girls, many posing in a seductive way and positioned like the topless photograph of [Appellant's] daughter. Many other photographs were of prepubescent topless girls standing before the camera. Many of the photographs included prepubescent girls engaging in hard core sexual acts, including oral, vaginal and anal sex involving adult penises (with the male's head cropped out) and fake penises. The [trial c]ourt only observed a very small percentage of the thousands of images and videos of child pornography.

[Appellant] had taken photographs (which were on his phone) of his daughter -- and another similarly-aged girl -- "licking" or "sucking on a lollipop". [N.T., 11/29/21,] at p. 87-90, 106-107. In his computer collection, he had a number of other photographs of young girls also licking or sucking a lollipop. Some of the photographs are modified and zoomed in on the child's mouth as she is performing this act. Of note, the pictures of the girls on his computer with lollipops were in the same collection as photographs of young girls with adult penises entering their mouths.

All the girls in [Appellant's] child porn collection "appeared to be ... as young as four going on twelve." *Id.* at p. 95.

[Appellant] also had photographs of himself posing with a doll (a replica of a young girl) dressed in what appears to be his daughter's "Mater Dei Catholic School uniform top and uniform bottom." *Id.* at p. 101. There were "a lot" of photographs of [Appellant] simulating sexual acts with the doll. One such photograph was [Appellant] with "full frontal nudity ... posing with the doll and smiling." *Id.* at p. 102-103. The photographs confirm that at some point, [Appellant] replaced the mouth of the doll "from just a cotton mouth to what appears to be a plastic mouth, like a plastic opening." *Id.* at p. 103.

Yet another photograph was [Appellant] with the "doll bent over" on a bed and [Appellant] "is behind the doll and is pulling the doll's hair and it looks like he is simulating a sex act." *Id.* at p. 104. Indeed, the photograph showed [Appellant] pushing down on the doll's neck and simulating - or literally - penetrating the doll with his penis. The bed on which the simulated sex act was taking place appeared to be a school-age girl's bed, with pink paint

or wallpaper on the walls and pink, flowered bedding. A rectangular piece of art was on the wall, with pink juvenile lettering, which spelled out [Appellant's] daughter's first name.

Notably, [Appellant] had multiple photographs of his daughter in the same (or virtually identical) Mater Dei Catholic School uniform as that of the doll. *Id.* at p. 105.

[Appellant] was also in possession of still photographs - "cropped from a video" - of other girls from the school including a student with a Mater Dei Catholic School uniform. The still photographs included "edited down" -- and zoomed-in -- versions which remove adults and other people from the photograph so that it focuses only on the young girl. *Id.* at p. 116.

*Id.* at 3-5.

On July 19, 2021, the Commonwealth filed a motion to admit prior bad acts evidence pursuant to Pa.R.E. 404(b).[2] The trial court explained:

Specifically, the Commonwealth sought to admit evidence of certain uncharged conduct of [Appellant] including (i) filming and photographing girls other than his daughter at his daughter's school, (ii) producing photographs of himself, totally or partially naked, along with a doll dressed in the uniform of his daughter (in one case simulating having sexual intercourse with the doll) and (iii) possessing photographs and videos of young girls in potentially sexually suggestive poses or partial nudity each of which, by itself, did not constitute child pornography.

Prior to the beginning of trial on November 29, 2021, the [c]ourt … heard argument on the Commonwealth's 404(b) motion, which this [c]ourt granted.

*Id.* at 5-6.

---

[2] Appellant filed a motion to dismiss for violation of Pa.R.Crim.P. 600 and delay of his speedy trial rights, which the trial court denied.

The court held a one-day bench trial and thereafter convicted Appellant of the above crimes. On March 15, 2022, the court sentenced Appellant to an aggregate 5 - 10 years in prison, followed by 7 years of probation.[3] Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for review:

1. Whether the trial court erred in granting the Commonwealth's prior bad acts motion where the evidence that was admitted did not fall under any of the Pa.R.E. 404(b)(2) exceptions and only showed that Appellant had the propensity to act in accordance with his attraction to young girls?

2. Whether there was sufficient evidence presented at trial to support Appellant's convictions for [sexual abuse of children – production,] where it was not proven beyond a reasonable doubt that the [*sic*] photographed his daughter engaged in a prohibited sexual act?

3. Whether the sentence imposed for Appellant's convictions for [sexual abuse of children – production] was excessive where the trial court was only concerned with the protection of the public and considered an impermissible factor?

Appellant's Brief at 7.

At the outset, we observe that

reviewing courts are not fact-finding bodies. *O'Rourke v. Commonwealth*, 566 Pa. 161, 778 A.2d 1194, 1199 (2001). Appellate courts are limited to determining "whether there is evidence in the record to justify the trial court's findings." *Id.* at 1199 n.6. "If so, this Court is bound by them." *Id.* However, while "we accord deference to a trial court with regard to factual findings, our review of legal conclusions is

_____

[3] Appellant was found not to be a sexually violent predator.

- 6 -

*de novo*." ***Id.*** at n.7 (citation omitted). Indeed, it is a long-standing appellate principle that, "[w]ith respect to [] inferences and deductions from facts and [] conclusions of law, … appellate courts have the power to draw their own inferences and make their own deductions and conclusions." ***In re Pruner's Est.***, 400 Pa. 629, 162 A.2d 626, 631 (Pa. 1960) (citations omitted).

***Commonwealth v. Cosby***, 252 A.3d 1092, 1129 (Pa. 2021).

In his first issue, Appellant claims the trial court improperly granted the Commonwealth's motion to admit evidence of his prior bad acts pursuant to Pa.R.Crim.P. 404(b)(2).

We review the trial court's decision to admit evidence for an abuse of discretion. ***Commonwealth v. Hairston***, 84 A.3d 657, 664 (Pa. 2014). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Id.*** at 664-65 (citations omitted).

Pertinently, Rule 404(b) states:

*(1) Prohibited Uses.* Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2)** *Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

Pa.R.E. 404(b)(1)-(2).

- 7 -

We recently expressed that

> [g]enerally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

> *Commonwealth v. Sherwood*, 603 Pa. 92, 982 A.2d 483, 497 (2009).

> To establish one of the exceptions set forth in Rule 404(b)(2), there must be "a close factual nexus sufficient to demonstrate the connective relevance of the prior bad acts to the crime in question[.]" *Commonwealth v. Sami*, 243 A.3d 991, 999 (Pa. Super. 2020) (citation and emphasis omitted). Additionally, the term "unfair prejudice" in Rule 404(b)(2) "means a tendency to suggest a decision on an improper basis or to divert the jury's attention away from its duty of weighing the evidence impartially." *Commonwealth v. Dillon*, 592 Pa. 351, 925 A.2d 131, 141 (2007). "[W]hen weighing the potential for prejudice, a trial court may consider how a cautionary jury instruction might ameliorate the prejudicial effect of the proffered evidence." *Id.*

*Commonwealth v. Gilliam*, 249 A.3d 257, 271–72 (Pa. Super. 2021), *reargument denied* (May 19, 2021), *appeal denied*, 267 A.3d 1213 (Pa. 2021).

Appellant argues:

> The only issue at trial here was whether the one photograph, and a modified version of it, that [Appellant] took of his six[-]year-old daughter depicted her "in a prohibited sexual act," as is prohibited by section 6312(b)(2) of the Crimes Code. Given the photograph at issue, none of the Pa.R.E. 404(b)(2) exceptions apply here and

the trial court abused its discretion by admitting evidence that served no other purpose than to show that [Appellant] was an "unsavory character" who had a propensity for taking photographs of children he found attractive.

Appellant's Brief at 32-33. Appellant asserts the Commonwealth "sought to introduce evidence of [him] filming minors consistent with the age of his daughter and under the age of 13," and specifically referenced photos Appellant took of his "niece licking a lollipop, eating candy, and numerous images are cropped which indicate an unnatural focus on the child's mouth." *Id.* at 31-32 (citing N.T., 11/29/21, at 9). Appellant argues his attraction to children was not at issue, and claims "[t]here … is no logical connection between this evidence and the photo at issue. *Id.* at 33, 38.

Appellant further claims the evidence was inadmissible under the common scheme, plan, or design exception:

> In no way can it be said that it is a signature of [Appellant] to photograph young girls, even if that includes modifying the photographs, or performing sex acts on a doll….

*Id.* at 35. Appellant maintains the evidence was not admissible to establish his motive or intent:

> There is no logical connection that can be established showing that [Appellant] was motivated to take a photograph of his daughter because of other photographs that he took of other children, which bear no resemblance to the photo of his daughter. Likewise, the photograph of [Appellant's] daughter did not grow out of nor was it caused by him simulating sex with a doll. … The evidence was merely an attempt to smear [Appellant's] character by showing that his attraction to children in general motivated him to take photo [*sic*] of his daughter that was sexually gratifying to him….

*Id.* at 36-37. Finally, Appellant argues the evidence was "mere propensity evidence that should not have been admitted." *Id.* at 37.

> It bears repeating:
>
> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.
>
> Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Borovichka*, 18 A.3d 1242, 1253 (Pa. Super. 2011) (citation omitted).

"All relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible." Pa.R.E. 402. Evidence is relevant if "(a) it has the tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "The court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

This Court has explained:

Evidence of a defendant's distinct crimes are not generally admissible against a defendant solely to show his bad character or his propensity for committing criminal acts, as proof of the commission of one offense is not generally proof of the commission of another. However, this general proscription against admission of a defendant's distinct bad acts is subject to numerous exceptions if the evidence is relevant for some legitimate evidentiary reason and not merely to prejudice the defendant by showing him to be a person of bad character.

Exceptions that have been recognized as legitimate bases for admitting evidence of a defendant's distinct crimes include, but are not limited to:

(1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design such that proof of one crime naturally tends to prove the others; (5) to establish the identity of the accused where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other; (6) to impeach the credibility of a defendant who testifies in his trial; (7) situations where defendant's prior criminal history had been used by him to threaten or intimidate the victim; (8) situations where the distinct crimes were part of a chain or sequence of events which formed the history of the case and were part of its natural development (sometimes called "*res gestae*" exception).

Additional exceptions are recognized when the probative value of the evidence outweighs the potential prejudice to the trier of fact.

*Commonwealth v. Hicks*, 151 A.3d 216, 225 (Pa. Super. 2016) (emphasis omitted); *accord Commonwealth v. Yocolano*, 169 A.3d 47, 54-55 (Pa. Super. 2017).

Instantly, the trial court found evidence of Appellant's prior bad acts admissible to show "(i) a common scheme, design or plan, (ii) proof of

- 11 -

[Appellant's] motive and intent, and (iii) part of the *res gestae* of the case."

Trial Court Opinion, 6/8/22, at 17. The trial court reasoned:

The most serious charge facing the [Appellant] was Sexual Abuse of Children - Production. To prove this charge, the Commonwealth was tasked with demonstrating that the [Appellant] knowingly produced child pornography when he took photographs of his minor daughter in various stages of undress and with her head cropped from certain photos.

The Rule 404(b) evidence showed that (i) [Appellant] photographed minor females from his daughter's school and cropped the photographs to eliminate other subjects in the scene, (ii) took photographs of himself, naked, alongside a doll dressed like his daughter, and (iii) took a photograph of himself simulating sexual intercourse with the doll dressed like his daughter on his daughter's bed. This evidence was relevant to [Appellant's] motive and intent in photographing his daughter and cropping these photographs to focus on her bare-breasted chest. It also was relevant to establish the "*res gestae*" or factual background of the case.

With respect to the Production charge, the [c]ourt had to determine whether [Appellant] produced the specific photographs of his daughter "engaging in a prohibited sexual act". 18 Pa.C.S. § 6312(b)(2). A "prohibited sexual act" is defined to include "lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification." 18 Pa.C.S. § 6312(g). Accordingly, the [c]ourt had to determine [Appellant's] intent or motive in photographing his daughter bare-chested and cropping her head off the photo to produce a second image of his daughter's bare chest and breasts. That is, was the [Appellant] doing so for his own "sexual stimulation or gratification"?

The Rule 404(b) evidence was relevant to that determination. The evidence was relevant to show that that the [Appellant] was essentially sexualizing his daughter - taking photographs of her naked breasts and[/]or her licking and sucking on lollipops. The multiple photographs in [Appellant's] child pornography collection of young girls in similar poses and stages of dress was relevant to that determination. The photographs of [Appellant] posing naked with a doll dressed like his daughter -

- 12 -

wearing his daughter's school uniform - were relevant to that determination. And the photographs of [Appellant] posing naked and simulating sexual intercourse with the dressed-up doll, on his daughter's bed, was relevant to that determination.

The Rule 404(b) evidence at issue was prejudicial and served to demonstrate that the [Appellant] did, indeed, produce the topless photographs of his daughter in violation of 18 Pa.C.S. § 6312(b)(2). However other act evidence is designed to be prejudicial; the question is whether the probative value of the evidence outweighs the potential for unfair prejudice. **Commonwealth v. Gordon**, 673 A.2d 1866 (Pa. 1996).

Here, the probative value of the Rule 404(b) evidence was not outweighed by any potential for unfair prejudice. The [c]ourt did not consider or weigh the Rule 404(b) evidence as relevant to [Appellant's] character or any possible propensity to commit such crimes. Rather, the [c]ourt considered the evidence for the express purposes set forth in Rule 404(b) and **Morris**, **supra**.

**It is important to note that this was a bench trial so there was obviously no danger of a jury being inflamed by uncomfortable photographs. Appellate courts have concluded that trial courts are presumed to be able to properly evaluate evidence**. **See Commonwealth v. Moss**, 852 A.2d 374 (Pa. Super. 2004) (concluding that at a bench trial, a presumption exists that the court properly disregards any inadmissible evidence).

Trial Court Opinion, 6/8/22, at 17-19 (emphasis added). Upon review, we discern no error or abuse of discretion, and adopt the trial court's legal analysis in disposing of this issue. **See id.**

In his second issue, Appellant challenges the sufficiency of the evidence supporting his conviction of sexual abuse of children - photographing, videotaping, depicting on computer or filming sexual acts production, 18 Pa.C.S.A. § 6312(b). Appellant claims the evidence was insufficient "because

it was not proven beyond a reasonable doubt that Appellant photographed his daughter engaging in a prohibited sexual act." Appellant's Brief at 41. Appellant claims his sexual attraction to young girls "does not prove [Appellant] photographed his daughter, who was not wearing a shirt, for his own sexual gratification, as required to sustain a conviction under section 6312 of the Crimes Code." *Id.* Appellant concedes the photograph "depicts nudity in so far as [his daughter] does not have a shirt on," but contends the "there is absolutely no evidence that [his daughter, in the photo,] is engaging in anything other than childhood." *Id.* at 42. Appellant points out that he did not include the photo of his daughter with the pornography collection recovered from his computer. *Id.* at 43.

Appellant further argues the photo of his daughter is "just one of many, many photographs that he took of her." *Id.* According to Appellant, there is no proof that he had his daughter pose so he could crop out her head for his sexual gratification. *Id.* Appellant asserts:

> That [Appellant] later modified the photo to focus on her bare chest is not sufficient to sustain the conviction here because the *mens rea* was not present at the time the photograph was taken. This photograph was just one of many innocent photos that [Appellant] took of his daughter….

*Id.*

Regarding the trial court's reliance on prior bad acts evidence, Appellant claims such evidence "can be just as logically tied to the fact that he is attracted to young girls, in general, rather than his daughter." *Id.* at 44.

- 14 -

Appellant also disputes the relevance of his dressing his doll in his daughter's school uniform. *Id.* Appellant states that his daughter "is not the only person in her school to wear the uniform and [Appellant] is not the only person to fetishize the [C]atholic school[]girl uniform." *Id.* Appellant directs our attention to the lack of evidence that he "touched or did anything inappropriate to his daughter." *Id.*

When reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005) (citation omitted). "[A] conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (citation omitted). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

The Crimes Code at Section 6312(b) provides:

**(2)** Any person who knowingly photographs, videotapes, depicts on computer or films a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such an act commits an offense.

- 15 -

18 Pa.C.S.A. § 6312(b)(2). "Prohibited sexual act" is defined, in part, as "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(g). Here, the trial court found that Appellant photographed his daughter for sexual stimulation or gratification. *Id.* As the fact finder, the trial court expressly determined the Commonwealth "was able to prove its case." Trial Court Opinion, 6/8/22, at 20. The trial court further explained:

> [Appellant's] doll, produced by way of Rule 404(b) evidence, was relevant to [Appellant's] intent and motive on the [Section 6312 child sexual abuse] counts. The photographs confirmed that the doll was a replica of a young, school-age girl. It was about three feet tall with pig tails. The photographs depicted the doll in [Appellant's] daughter's school outfit.
>
> In one of the photos, [Appellant] has the doll positioned in what appears to be his daughter's bed, simulating sexual intercourse. Specifically, he was positioned behind the doll, with the doll facing forward. His left hand was pulling on one of the braids of the doll; his right hand was pushing down on the girl's neck. He was naked, and had his groin area pressed against the rear portion of the doll, simulating or literally penetrating the doll with his penis.
>
> The Commonwealth produced two additional photographs of [Appellant], showing full frontal nudity, as he held the doll.
>
> Of note, [Appellant] was not charged with anything involving the doll. But the photos were relevant to [Appellant's] motive and intent with respect to the photographs at issue. **The photos with the doll, along with the other evidence, demonstrated [Appellant] was essentially sexualizing his daughter - viewing her in a way that would constitute "sexual gratification".**
>
> [Appellant's] collection of child pornography consisted of a large number of prepubescent girls who appeared to be the

- 16 -

approximate age of his daughter. Many of the photographs involved girls standing in front of the camera topless, with their breasts exposed …. Many of the photographs also involved a girl licking or sucking a lollipop … [;] notably, these photographs were stored in the same files as photographs of young girls performing oral sex on adult men….

With respect to the photographs constituting [sexual abuse of children] both [photographs] show [Appellant's] daughter topless, facing the camera. The second photograph is a cropped version that literally shows nothing but her bare breasted torso. Again, this is similar to many photographs in his child porn collection.

The evidence confirmed that [Appellant] liked to crop photographs so that he could focus on certain parts thereof. There were additional photographs entered into the record (as Rule 404(b) other act evidence) where he would first take a photograph of a group of people (one photograph had a young girl with two adults who may be her parents) and then crop the photograph to only show the young girl.

**In the case of his daughter, the evidence showed that he cropped both photographs at issue to focus on her bare breasted torso (modifying the original topless photograph).** Given the totality of the evidence presented at trial, the Court concluded beyond a reasonable doubt that [Appellant] possessed, and cropped, these photographs for his own sexual gratification as contemplated in Section 6312 ….

Trial Court Opinion, 6/8/22, at 20-22 (footnote omitted, emphasis added).

The record supports the trial court's findings and its legal conclusions are sound. *See id.* We therefore affirm the trial court's rejection of Appellant's sufficiency challenge.

Finally, in his third issue, Appellant challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." ***Commonwealth v. Grays***,

167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Our review shows Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his appellate brief a Pa.R.A.P. 2119(f) statement. Accordingly, we address whether Appellant raised a substantial question that his sentence is inappropriate under the Sentencing Code.

Appellant claims his sentences of three to six years in prison for sexual abuse of children are manifestly excessive given the circumstances of this case. Appellant's Brief at 28. Appellant argues the trial court failed to consider mitigating circumstances, and also considered impermissible sentencing factors. Appellant raises substantial questions. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("a sentencing court's failure to consider mitigating factors raises a substantial question); *Commonwealth v. Allen*, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) ("[A] claim that a sentence is excessive because the trial court relied on an impermissible factor raises a

substantial question.") (citations omitted)).  Thus, we address Appellant's sentencing issues.

Appellant argues the trial court improperly focused on the protection of the public and not his rehabilitative needs.  Appellant's Brief at 47.  Appellant asserts the trial court failed to discuss his rehabilitative needs or mitigating factors, "because [the trial court] was not concerned with anything but punishment." *Id.* at 50.

Appellant further claims the trial court relied on impermissible factors. First, Appellant asserts the trial court improperly based its sentence on photographs of his daughter for which he was not charged.  *Id.* at 52. Appellant acknowledges the trial court may consider uncharged conduct at sentencing, but "it is not permissible to base the sentence on that uncharged conduct."  *Id.* (citing *Commonwealth v. P.L.S.*, 894 A.2d 120, 135 (Pa. Super. 2006).  Second, Appellant contends the trial court improperly based its sentence "on the amount of child pornography [Appellant] possessed…." *Id.*

> Our standard of review is settled:
>
> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion.  An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.  A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must

- 19 -

reflect the sentencing court's consideration of the facts of the crime and character of the offender.

***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa. Super. 2017) (citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 [Pa.C.S.A.] § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 847-48 (Pa. Super. 2006) (citations omitted).

The trial court explained Appellant's sentence as follows:

> On Counts one and two, [sexual abuse of children] I will run these - for the ease of understanding the sentence, I'm going to make one and two concurrent with each other. [Appellant] is sentenced to imprisonment on both for not less than three nor more than six years in [state prison].
>
> Each one individually is sentenced above the standard range, but they are running concurrent with one another.
>
> On counts twelve through a hundred and eleven … the sentence of all of those counts is **concurrent** with each other and is two to four years but that runs consecutively to the sentences at count one and two.
>
> On count three, I'm imposing a period of probation in the amount of twelve [*sic*] years.
>
> So it is a cumulative sentence of five to ten years' incarceration with seven years consecutive probation.

N.T., 3/15/22, at 86-87 (emphasis added).

The trial court had the benefit of a presentence investigation report (PSI). *See* Docket Entry 12/6/21 (ordering a PSI); N.T., 3/15/22, at 86 (trial court indicating it reviewed the reports it had ordered). "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). In addition, we can assume the court was aware of the relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. *Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019).

Our review discloses the trial court also had the benefit of Appellant's testimony regarding his drug addictions and efforts at rehabilitation. *See* N.T., 3/15/22, at 75-77. In sentencing Appellant, the trial court expressly considered Appellant's lack of criminal record, his family support, his rehabilitation of an alcohol issue and other mitigating factors. *Id.* at 82-84. Thus, the trial court appropriately considered mitigating evidence.

Our review also discloses the trial court considered the "sheer number of [Appellant's] photographs [depicting child pornography]" at sentencing. *See id.* at 84. However, in addition to the volume, the trial court considered the "extreme" nature of the "horrific" photos. Trial Court Opinion, 6/8/22, at 86-87. The trial court explained:

The reality is that this case was more than a "typical" possession of child pornography case. [Appellant] did not "only" possess a collection of child pornography. [Appellant] was actively and surreptitiously taking pictures of young girls at the Mater Dei Catholic School, cropping them and saving them in his collection of photographs. He was taking sexualized photographs of his young daughter - cropping them to provide focus on her bare breasts.

At the sentencing hearing the [c]ourt saw additional photographs of [Appellant's] daughter squeezing her nipples and a close up of her crotch in underwear. **These additional photographs were admitted as relevant to sentencing. The photographs were not entered at trial, but certainly validated the [c]ourt's conclusion following trial that [Appellant] had sexualized his young daughter in his mind and had produced the photographs in Counts one and two for the purposes of his "sexual gratification".**

… **Appellant's child pornography collection consisted of "tens of thousands" of photographs and videos of very young, prepubescent girls. It took Detective Greco "months" to review the collection. Many of these images were horrific - young girls being violated by adult penises and fake penises vaginally, anally and orally and/or depicted with ejaculate on their faces and bodies. This immense collection of extreme child pornography was an additional aggravating factor that warranted the sentence structure imposed by the [c]ourt.**

Factors to be considered when determining a defendant's sentence include the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing. *Commonwealth v. Scott*, 860 A.2d 1029 (Pa. Super. 2004).

The sentence imposed must be consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. *Id.*

The [c]ourt's sentence was the product of careful deliberation of each of these factors. The [c]ourt explained the reasons for its sentence in great detail. The sentences for Counts

one and two, while both starting at the top of the aggravated range, were imposed **concurrently** with each other. The sentences on Counts 12 through 111, two to four years of imprisonment, were imposed consecutively to Counts one and two but concurrently with each other. The sentence was not unduly harsh by any means. The sentence was structured to arrive at an aggregate total that was fair and appropriate given the totality of the multiple sentencing factors.

The [c]ourt considered all the relevant sentencing factors in this case and imposed an appropriate sentence. [Appellant's] sentence was proper.

Trial Court Opinion, 6/8/22, at 26 (emphasis added).

We agree with the trial court. Appellant's sentence is not excessive, and

his claim to contrary does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2023