J-S30011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLENN DAVID MYERS JR. | : | |
| | : | |
| Appellant | : | No. 1592 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 10, 2023
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0006372-2016

BEFORE:   PANELLA, P.J.E., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: NOVEMBER 14, 2024**

Glenn David Myers, Jr. appeals from the judgment of sentence entered on October 10, 2023, after Myers stipulated he was in violation of his probation. Myers challenges the court's reliance on hearsay in fashioning his sentence and asserts the sentence is manifestly excessive. Because we find the court erred in considering unreliable hearsay evidence, we vacate Myers' sentence and remand for a new sentencing hearing.

On October 19, 2017, Myers pled guilty to aggravated indecent assault, unlawful contact with a minor, corruption of minors, and indecent assault.[1] The court sentenced Myers to an aggregate term of two to four years'

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(7), 6318(a)(1), 6301(a)(1)(i), and 3126(a)(7), respectively.

incarceration followed by three years' probation. Myers started serving his probationary sentence in 2021. On May 24, 2023, probation filed a petition requesting a bench warrant for Myers' failure to comply with his probationary conditions, specifically, for failure to attend sex offender treatment that resulted in an unsuccessful discharge from treatment. The court granted this request the same day. A hearing on Myers' probation violation was held on August 15, 2023.

During the hearing, Myers stipulated to being in violation of probation for failing to attend his sexual offender treatment and for the unsuccessful discharge from that treatment. Myers' counsel objected, however, to portions of the probation officer's report that included hearsay. The portions of the report counsel objected to are as follows:

> According to the summary of adjustment submitted by Agent Dennis Hartlove of the Pennsylvania Board of Probation and Parole, during a search of the defendant's residence and phone on March 15, 2022, it was discovered that he was accessing pornography; utilizing unauthorized/unmonitored social media; and entering raffles for firearms. Following a subsequent search of the defendant's phone on May 26, 2022 it was revealed that he continued to use unauthorized social media accounts.

> According to the summary of adjustment submitted by Agent Dennis Hartlove of the Pennsylvania Board of Probation and Parole, during a routine contact on May 15, 2023 the defendant relayed to Agent Hartlove that he was being evicted from his residence by the landlord stating that they hadn't been "getting along[."] While leaving, Agent Ha[r]tlove was advised by a family member of an individual in the residence that approximately 2 weeks ago, the defendant had exposed himself to her and asked if she "wants some[."] The reporting party refused to make an official statement or appear as a witness for hearings and has not filed a police report[,] saying that they just wanted the defendant

- 2 -

to leave her alone. The defendant was instructed to have no further contact with this individual and was directed to report to his sex offender group. He failed to report to his next sex offender treatment session and was subsequently discharged for noncompliant attendance.

Probation Violation Summary, at 2 (undated and unpaginated).[2] Upon our review of the record, it does not appear the agent spoke to the victim or otherwise verified the report from the family member.

The court initially ruled the second paragraph inadmissible hearsay:

As to the first paragraph, it is usual, customary and appropriate for the [c]ourt to be advised of the defendant's history of supervision and it can be a consideration in determining whether community-based supervision is adequate to ensure behavior is in accordance with the terms and conditions of supervision and any sex offender conditions that are placed on the defendant. And therefore, the first paragraph I think is fair and can come in and be considered.

I agree that the second paragraph is a hearsay statement, several hearsay statements, that there's no foundation for and should not come in and be considered and I will not consider it for sentencing or any other purposes.

N.T. Probation Violation Hearing, 8/15/23, at 6-7. The court then determined a Pre-Sentence Investigation Report ("PSI") would be helpful in determining the sentence to impose, so it deferred sentencing until October 10, 2023, and ordered a PSI.

During the sentencing hearing on October 10, the Commonwealth started to argue for its requested sentence and brought up the allegation that

---

[2] Agent Hartlove was present and did testify at the hearing on August 15, 2023, to the information contained in the first paragraph of his report.

Myers exposed himself to a woman. Myers immediately objected and the court ruled it was admissible as the "history of supervision." N.T. PV Sentencing, 10/10/23, at 11. The court, immediately before imposing sentence, explained its reasoning, in part, for imposing a state prison sentence:

> The fact that [Myers was accessing pornography and utilizing unauthorized social media accounts] and that there is an allegation of indecent exposure and making a pass at a girl while exposing himself indicates that there is a concern for reoffending, and someone who is not in treatment is at greater risk of re[-]offense than someone who is in treatment and being honest about his behavior.

*Id.* at 14. The court then imposed a sentence of two and a half to five years' incarceration. Myers filed a post-sentence motion on October 20, 2023, and a timely notice of appeal on November 9, 2023.[3]

Myers raises the following issues:

Did the trial court err in granting defense counsel's objection to admission of a hearsay claim that Mr. Myers had exposed himself to an individual in his residence, then reversing its decision at the sentencing hearing and relying on improper evidence in sentencing Mr. Myers?

Did the trial court abuse its discretion in imposing a manifestly excessive sentence of two and one-half to five years['] incarceration for a technical violation of probation, particularly where the court improperly based this sentence on hearsay information which it had held would be inadmissible at the probation violation hearing and at sentencing?

---

[3] The post-sentence motion was not decided prior to the filing of the notice of appeal. However, it was not a premature appeal as a post-sentence motion following a revocation of probation or parole does not toll the 30-day appeal period. *See* Pa.R.Crim.P. 708(E).

Appellant's Brief, at 6 (numbering and suggested answers omitted).

Both of Myers' claims are challenges to the discretionary aspects of sentencing. A discretionary aspect of sentencing appeal is not a matter of right. *See Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* (citation and brackets omitted).

Myers met all four requirements. He filed a timely notice of appeal, properly preserved his issues both during the sentencing hearing on October 10, 2023, and in a post-sentence motion filed October 20, 2023, and he has included a Rule 2119(f) statement in his brief. Myers asserts in his Rule 2119(f) statement, *inter alia*, the court erred in considering improper factors, specifically, the hearsay statements within the probation officer's report. *See* Appellant's Brief, at 15. This raises a substantial question. *See Commonwealth v. King*, 182 A.3d 449, 545 (Pa. Super. 2018) (consideration by a court of improper factors during sentencing raises a substantial question).

We therefore turn to Myers' first allegation that the court erred in considering hearsay within the probation officer's report during sentencing.

Myers asserts the court relying on the allegation he exposed himself to a woman was error because the statement was "vague," "anonymous," and "unsubstantiated." Appellant's Brief, at 21. Myers further argues "[t]here is no indicia of reliability" in the statement. *Id.* We agree.

"The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law." *King*, 182 A.3d at 454 (citations omitted). "Precisely because of the wide latitude afforded sentencing courts and because we recognize the court's ability to arrive at a balanced judgment when possessed of all the facts, it becomes imperative that the facts relied upon by the sentencing court be accurate." *Commonwealth v. Medley*, 725 A.2d 1225, 1229 (Pa. Super. 1999) (emphasis and citation omitted).

Furthermore:

> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right to due process if, in deciding upon the sentence, it considers unreliable information, or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

*Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (citation omitted).

> In deciding whether a trial judge considered only permissible factors in sentencing a defendant, an appellate court must, of necessity, review all of the judge's comments. Moreover, in making this determination it is not necessary that an appellate court be convinced that the trial judge in fact relied upon an erroneous consideration; it is sufficient to render a sentence

> invalid if it reasonably appears from the record that the trial court relied in whole or in part upon such a factor.

**Commonwealth v. Scott**, 860 A.2d 1029, 1030 (Pa. Super. 2004) (citation omitted).

We recognize a sentencing hearing is not a trial, and therefore, the sentencing court "is not bound by the restrictive rules of evidence properly applicable to trials. Rather, the court may receive any relevant information for the purposes of determining the proper penalty." **Medley**, 725 A.2d at 1229 (citations omitted). However, unsubstantiated hearsay may not be relied upon by a sentencing court. **See Commonwealth v. Cruz**, 402 A.2d 536, 537 (Pa. Super. 1979) (noting that "[a]n [u]nsubstantiated statement that a defendant is a major drug dealer would be an inappropriate factor in a judge's imposition of sentence.") (citations omitted); **see also Commonwealth v. Lonergan**, 1004 EDA 2021, at *4 (Pa. Super. filed March 19, 2021) ("This Court has historically rejected sentences where the trial court based the sentence on general, unsubstantiated statements regarding other crimes.") (citation omitted).[4]

Upon review of the sentencing court's statements before imposing its sentence, we are constrained to conclude the sentencing court committed an error of law by relying upon the allegation Myers exposed himself to a woman.

---

[4] Pursuant to Rule 126(b), we may rely on non-precedential decisions issued after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

It is clear the sentencing court relied, at least in part, upon this allegation. **See** N.T. PV Sentencing, 10/10/23, at 14 (noting the allegation Myers exposed himself creates a concern Myers will re-offend).

This allegation was unreliable and unsubstantiated as the woman was not willing to file a police report, to be named, or to attend court and testify against Myers. While this evidence certainly is relevant to the court's consideration of "just and appropriate sentence" as the sentencing court noted below, it must be sufficiently substantiated and reliable before the court can rely on it in fashioning a sentence. **See** N.T. PV Sentencing, 10/10/23, at 11; **Downing**, 990 A.2d at 793.

We therefore vacate Myers' sentence and remand for the court to impose a sentence without consideration of this unsubstantiated evidence.[5]

Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/14/2024

---

[5] Based upon our decision on Myers' first claim, we do not address Myers' second claim.